**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Nicholas Fausto CAMADDU,**
**Defendant–Appellant.**

No. 02–10500.

D.C. No. CR–v01–00096–JSU.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2003.*

Decided June 20, 2003.

Before RYMER, THOMAS, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Nicholas Fausto Camaddu appeals the district court's order denying his motion to suppress evidence derived from a traffic stop and his conviction for possession of a firearm by an ex-felon in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291. We review the denial of a motion to suppress evidence de novo, and we review the district court's

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

factual findings for clear error. *United States v. Mariscal,* 285 F.3d 1127, 1129 (9th Cir.2002). We reverse and remand.

On June 27, 2001, Officer Guerrero observed Camaddu's vehicle turn right onto Marine Drive from Dulce Nombre de Maria Street. Guerrero radioed to subordinate officers to pull the vehicle over because it had not come to a complete stop before entering Marine Drive. During the traffic stop, officers discovered that Camaddu had a firearm and ammunition.

Camaddu contends that the police did not have reasonable suspicion that he had violated a traffic law and therefore the stop was unlawful. We agree. The government argues that Camaddu's failure to come to a complete stop at Marine Drive violated 18 Guam Code § 3326, which requires a vehicle to "stop at the entrance to a through highway." Thus, the issue is whether Marine Drive at Dulce Nombre de Maria Street is a "through highway" for purposes of Guam's traffic laws. We conclude that it is not.

A "through highway" is defined as "a highway or portion thereof at the entrance to which vehicular traffic from intersecting highways is required by law to stop before entering or crossing the same, and where stop signs are erected as provided in this Title." 18 Guam Code § 1102(mm). We interpret this to mean that a portion of a highway is deemed a "through highway" where cross traffic is required by law to stop *because* a stop sign has been erected indicating that stopping is required. As it is not disputed that there was no stop sign at Dulce Nombre de Maria Street, that portion of Marine Drive is not a "through highway" and Camaddu was not required to come to a complete stop before entering Marine Drive. *Cf.* 18 Guam Code § 3334

(requiring vehicles to come to a complete stop before entering intersection of a through highway, when official "Thru Traffic Stop" sign or signs have been erected). Accordingly, the officers could not have harbored reasonable suspicion that Camaddu had committed a traffic violation, and the traffic stop was a violation of the Fourth Amendment. *See id.* at 1130, 1133.

REVERSED and REMANDED.